IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RODDIE MORGAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civ. A. H-13-2464 |
| | § | |
| FEDERAL EXPRESS CORPORATION, | § | |
| | § | |
| Defendant. | § | |

<u>**OPINION AND ORDER**</u>

Pending before the Court in the above referenced cause, seeking compensatory and punitive damages for a racially discriminatory termination of employment in violation of 42 U.S.C. § 1981, are Defendant Federal Express Corporation's ("FedEx's") motion for summary judgment (instrument #22) and Plaintiff Roddie Morgan's ("Morgan's") opposed motion for leave to file a late response to FedEx'S motion for summary judgment (#28).

After a careful review of the record and the applicable law, for the reasons indicated below the Court finds Morgan's motion for leave to file a response should be denied and FedEx's motion for summary judgment should be granted.

**Morgan's Opposed Motion for Leave to File Late Response (#29)**

**A.  Standard of Review**

Morgan originally filed this action *pro se* but recently obtained counsel.  *Pro se* plaintiffs are held to a less stringent pleading standard than documents drafted by attorneys and are entitled to a liberal construction, allowing all reasonable inferences that can be drawn from their pleadings.  *Haines v. Kerner*, 404 U.S. 519, 521 (1972). *Estelle v. Gamble*, 429 U.S. 97,

106 (1976).  Nevertheless, they must "still comply with the rules
of civil procedure and make arguments capable of withstanding
summary judgment." *Ogbodiegwu v. Wackenhut Corr. Corp.*, 202 F.3d
265, 199 WL 1131884, at *2 (5th Cir. Nov. 10, 1999); *Yazdchi v. Am.
Honda Fin. Corp.*, 217 Fed. Appx. 299, 304 (5th Cir. 2007)("The
right of self-representation does not exempt a party from
compliance with the relevant rules of procedural and substantive
law."), *citing Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991).
*Pro se* litigants have a duty to prosecute their claims with due
diligence, as do all other litigants, and must comply with all
deadlines set by the court.  *Lowman v. Whitaker*, 2012 WL 3779159,
at *3 ("Federal Rules of Civil Procedure and Local Rules are
sufficient to advise *pro se* litigants of their burden in timely
opposing a summary judgment motion.).

It is well established in the Fifth Circuit that "[a]
federal court may not grant a 'default' summary judgment where no
response has been filed." *Bradley v. Chevron U.S.A., Inc.*, No.
Civ. A. 204CV092J, 2004 WL 2847463, *1 (N.D. Tex. Dec. 10, 2004),
*citing Eversley v. MBank of Dallas*, 843 F.2d 172, 174 (5th Cir.
1988); *Hibernia Nat. Bank v. Administracion Cent. Sociedad
Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).  Nevertheless, if no
response to the motion for summary judgment has been filed, the
court may find as undisputed the statement of facts in the motion
for summary judgment.  *Id.* at *1 and n. 2*, citing id.; see also
Thompson v. Eason*, 258 F. Supp. 2d 508, 515 (N.D. Tex. 2003)(where
no opposition is filed, the nonmovant's unsworn pleadings are not
competent summary judgment evidence and movant's evidence may be

-2-

accepted as undisputed). *See also Unum Life Ins. Co. of America v. Long,* 227 F. Supp. 2d 609 (N.D. Tex. 2002)("Although the court may not enter a 'default' summary judgment, it may accept evidence submitted by [movant] as undisputed."); *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996)("A summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence."). The court has no obligation to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

In the context of a summary judgment, a *pro se* plaintiff's failure to file a timely response, by itself, alone will not support a default judgment; the movant must still show there is no genuine issue of material fact and that it is entitled to summary judgment as a matter of law. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995). If the moving party fails to meet its initial burden, the court must deny the motion for summary judgment even if there is no response. *Baton Rouge Oil & Chem. Workers Union v. Exxon Mobile Corp.*, 289 F.3d 373, 375 (5th Cir. 2002). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

**B. Motion for Leave to File Untimely Response**

This suit was filed on August 22, 2013 by Morgan proceeding *pro se*. Although at the inital scheduling conference on March 5, 2014, United States Magistrate Judge Frances Stacy urged Morgan to retain counsel by March 31, 2014 and provided him with a list of potential attorneys, Morgan failed to do so. Meanwhile, the case proceeded, with discovery closing on October 28, 2014. Morgan did not take any depositions or serve any written discovery requests. FedEx deposed Morgan on May 8, 2014. During the deposition Morgan admitted that an attorney had been assisting him with this suit. Ex. A, p. 1 (stating that attorney Alan Quiles drafted his complaint and went over it with him and was continuing to assist him). FedEx claims that certain pleadings filed by Morgan along with his discovery responses reflect that they were ghost-written by an attorney. #1 (Complaint), 6 (Amended Complaint), and 7 (Response to FedEx's motion to dismiss, which FedEx subsequently withdrew). FedEx filed its motion for summary judgment on December 1, 2014. Morgan's response was due no later than December 22, 2014, but he did not file one nor request an extension of time to do so before the deadline.

On January 19, 2015 FedEx filed a supplemental brief in support of its motion for summary judgment, arguing that a *pro se* party has an obligation to file a response, that Morgan's failure to do so should be taken as a representation of no opposition under Local Rule 7.4, and that no leniency should be granted to him since he was being aided by an undisclosed attorney. *See*

*Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988)(the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law); *Garcia v. Jenkins/Babb, LLP*, 2012 WL 3846539, at *1 (N.D. Tex. Sept. 5, 2012)("Courts have considered the propriety of attorneys not of record drafting pleadings to be filed by ostensibly pro se litigants, and have raised concerns, including wrongly giving a lenient reading to ostensibly pro se pleadings actually drafted by attorneys."), *citing Duran v. Carris*, 238 F.3d 1268, 1271-73 (10th Cir. 2001), *Wesley v. Don Stein Buick, Inc.*, 987 F. Supp. 884 (D. Kan. 1997), *Laremont-Lopez v. Southeastern Tidewater Opportunity Ctr.*, 968 F. Supp. 1075 (E.D. Va. 1997), and *In re Mungo*, 305 B.R. 762, 767-70 (Bankr. D.S. 2003). FedEx contends that Morgan's failure to file a response means that FedEx's material facts are deemed admitted, that Morgan failed to raise a genuine dispute for trial, and that he failed to make a *prima facie* case of racial discrimination under § 1981 or to present any evidence to suggest, no less prove, that FedEx's reasons for his termination were false and merely a pretext for unlawful discrimination. Thus FedEx is entitled to summary judgment as a matter of law.

Only on February 5, 2015, two and a half months after FedEx filed its motion for summary judgment, did attorney Marcellous S. McZeal file a notice of appearance on behalf of Morgan, along with the opposed motion for leave of 21 days to file a late response. Counsel states that Morgan "realized he was out matched and in an effort to obtain an opportunity to fully present his claims and the evidence in support," he retained counsel. #28

at p. 2.  It is not clear from the motion whether Morgan seeks to reopen discovery.

FedEx argues that because Morgan failed to respond, FedEx's material facts are admitted.  In addition, because Morgan failed to present any admissible evidence in support of his complaint's allegations and failed to demonstrate a genuine issue of material fact for trial, while FedEx's motion for summary judgment proves that as a matter of law Morgan could not establish a *prima facie* case to support his racial discrimination claims under 42, U.S.C. § 1981, FedEx is entitled to summary judgment in its favor as a matter of law.

## C.  Court's Ruling

After reviewing the record and the applicable law, the Court concludes that leave should not be granted to Morgan to file an untimely response.  Morgan received clear notice of deadlines from the scheduling order, from the Federal Rules of Civil Procedure, and from this district's Local Rules.  Morgan is not proceeding *in forma pauperis* and apparently could have and has now finally obtained counsel.  His lack of diligence is obvious. He not only failed to obtain counsel for more than nineteen months after he filed suit, more than twelve months after Judge Stacy urged him to do so, and more than two months after FedEx filed its motion for summary judgment, but he failed to take any discovery in all this time.  Morever he offers no excuse, no less a reasonable one, for his lengthy delay.  FedEx followed its summary judgment with its supplement to that motion and its trial brief, none of which elicited a response from Morgan.  Morgan's conduct

does not merit an extension of time.  Thus the Court denies the motion for leave to file a late response and addresses the motion for summary judgment on the merits.

**FedEx's Motion for Summary Judgment (#22)**

**A.  Standard of Review**

Summary judgment under Federal Rule of Civil Procedure 56(c) is appropriate when, viewing the evidence in the light most favorable to the nonmovant, the court determines that "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  A dispute of material fact is "genuine" if the evidence would allow a reasonable jury to find in favor of the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Initially the movant bears the burden of identifying those portions of the pleadings and discovery in the record that it finds demonstrate the absence of a genuine issue of material fact on which the nonmovant bears the burden of proof at trial; a "complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lujan v. National Wildlife Federation*, 497 U.S. 871, 885 (1990); *Edwards v. Your Credit, Inc.*, 148 F.3d 427, 431 (5th Cir. 1998).

If the movant meets its burden and points out an absence of evidence to prove an essential element of the nonmovant's case on which the nonmovant bears the burden of proof at trial, the

nonmovant must then present competent summary judgment evidence to support the essential elements of its claim and to demonstrate that there is a genuine issue of material fact for trial. *National Ass'n of Gov't Employees v. City Pub. Serv. Board*, 40 F.3d 698, 712 (5th Cir. 1994). "[A] complete failure of proof concerning an essential element of the nonmoving party's case renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The nonmovant may not rely merely on allegations, denials in a pleading or unsubstantiated assertions that a fact issue exists, but must set forth specific facts showing the existence of a genuine issue of material fact concerning every element of its cause(s) of action. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

Conclusory allegations unsupported by evidence will not preclude summary judgment. *National Ass'n of Gov't Employees v. City Pub. Serv. Board*, 40 F.3d at 713; *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). "'[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment . . . .'" *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990), *quoting Anderson v. Liberty Lobby, Inc.*. 477 U.S. 242, 247-48 (1986). "Nor is the 'mere scintilla of evidence' sufficient; 'there must be evidence on which the jury could reasonably find for the plaintiff.'" *Id., quoting Liberty Lobby*, 477 U.S. at 252. The Fifth Circuit requires the nonmovant to submit "'significant probative evidence.'" *Id., quoting In re Municipal Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1978), and *citing*

-8-

*Fischbach & Moore, Inc. v. Cajun Electric Power Co-Op.*, 799 F.2d 194, 197 (5th Cir. 1986).   "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Thomas v. Barton Lodge II, Ltd.*, 174 F.3d 636, 644 (5th Cir. 1999), *citing Celotex*, 477 U.S. at 322, and *Liberty Lobby*, 477 U.S. at 249-50.

Allegations in a plaintiff's complaint are not evidence. *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996)("[P]leadings are not summary judgment evidence."); *Johnston v. City of Houston, Tex.,* 14 F.3d 1056, 1060 (5th Cir. 1995)(for the party opposing the motion for summary judgment, "only evidence--not argument, not facts in the complaint--will satisfy' the burden."), *citing Solo Serve Corp. v. Westown Assoc.*, 929 F.2d 160, 164 (5th Cir. 1991).   The nonmovant must "go beyond the pleadings and by [his] own affidavits, or by depositions, answers to interrogatories and admissions on file, designate specific facts showing that there is a genuine issue of material fact for trial." *Giles v. General Elec. Co.*, 245 F.3d 474, 493 (5th Cir. 2001), *citing Celotex*, 477 U.S. at 324.   If no response to the motion for summary judgment has been filed, the court may find as undisputed the statement of facts in the motion for summary judgment. *Id.* at *1 and n. 2*, citing id.; see also Thompson v. Eason*, 258 F. Supp. 2d 508, 515 (N.D. Tex. 2003)(where no opposition is filed, the nonmovant's unsworn pleadings are not competent summary judgment evidence and movant's evidence may be accepted as undisputed). *See also Unum Life Ins. Co. of America v. Long,* 227 F. Supp. 2d 609 (N.D. Tex. 2002)("Although the court

-9-

may not enter a 'default' summary judgment, it may accept evidence submitted by [movant] as undisputed."); *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996)("A summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence.").

The court must consider all evidence and draw all inferences from the factual record in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *National Ass'n of Gov't Employees v. City Pub. Serv. Board*, 40 F.3d at 712-13.

**B.   Applicable Law**

Title 42 U.S.C. § 1981 of the Civil Rights Act provides,

(a) Statement of equal rights

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) "Make and enforce contracts" defined

For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c) Protection against impairment

The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

**C.  FedEx's Motion for Summary Judgment**

A  threshold  issue,  FedEx  argues  that  Morgan's  section 1981 claims are time-barred as a matter of law.

In  August  1995,  Morgan  executed  his  Application  for Employment  and  his  Employment  Agreement,  thereby  affirming  the statement  included  just  above  the  signature  line  of  the  section entitled  "IMPORTANT  PLEASE  READ":   "I  have  read  this  entire Agreement, which consists of 2 pages, and I thoroughly understand its content." #22-1, Morgan's Dep., at electronic p. 4 and Ex. 1. Just over that statement in ¶ 15 is the statement, "To the extent the law allows an employee to bring legal action against Federal Express,  I  agree  to  bring  that  complaint  within  the  time prescribed by law or 6 months from the date of the event forming the basis of my lawsuit, whichever expires first." *Id.*  At his deposition Morgan conceded the he read through the Application and the  Employment  Agreement,  understood  it,  and  signed  it voluntarily.   *Id.*  at  pp.  29-30.   Morgan's  employment  was terminated on August 29, 2011.  He filed this action under section 1981 on August 22, 2013, not quite two years later.

**D.  Court's Ruling**

Section 1981 does not contain a statute of limitations. *Jones v. R.R. Donnelly & Sons Co.*, 541 U.S. 369, 371 (2004). Before 1990, the statute of limitations for filing a claim under § 1981 was the most analogous state statute of limitations *Id.*; *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987)(holding that § 1981 claims were subject to the state's personal injury limitations period).  *See, e.g., Cervantes v. IMCO, Haliburton*

-11-

*Services*, 724 F.2d 511, 514 (5th Cir. 1984)(holding that Texas' two-year statute of limitations for personal injury claims, Tex. Rev. Civ. Stat. art. 55 (now Tex. Civ. Prac. & Rem. Code § 16.003) to be the most analogous to Cervantes' claims for racially discriminatory termination under § 1981).

For actions arising under federal statutes enacted after December 1, 1990, courts must apply the federal "catch-all" statute of limitations, 28 U.S.C. § 1658(a)("Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of enactment of this section may not be commenced later than 4 years after the cause of action accrues.").

In 1991 Congress amended and expanded § 1981 to reach "all benefits, privileges, terms, and conditions of the contractual relationship." *Id.* at 381-82. The 1991 amendments were enacted in response to, and overturned, *Patterson v. McClean Credit Union*, 491 U.S. 163, 176-78 (1989)(holding that the statutory right "to make . . . contracts" did not protect against post-contract formation conduct, and the right "to . . . enforce contracts" did not extend beyond conduct by which an employer impairs an employee's right to enforce contractual obligations through legal process). The 1991 amendments added a new subsection to § 1981(b), defining the phrase "make and enforce contracts" to include the "making, performance, modification and termination of contracts and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship." *Johnson v. Lucent Technologies, Inc.*, 653 F.3d 100, 1006 (9th Cir. 2011), *citing* Civil Rights Act of 1991, Pub. L. No. 102-166§ 101,

105 Stat. 1071, 1071-72 (1991), and *Jones*, 541 U.S. at 383.  *In accord Fullsen v. Galveston I.S.D.*, Civ. A. G-07-0194, 2008 WL 150969 at *2 (S.D. Tex. Jan. 14, 2008)(Lake, J.); *Murchison v. CLECO Corporation*, No. 13-30235, 544 Fed. Appx. 556, 559 (5th Cir. Nov. 7, 2013); *Brooks v. Firestone Polymers, LLC*, ___ F. Supp. 3d ___, No. 1:12-CV-325, 2014 WL 5088657, at *23 (E.D. Tex. Oct. 8, 2014).  Post-1991 § 1981 claims for racial harassment and wrongful termination that arise after an employment contract begins are subject to a four-year statute of limitations.  *Jones v. R.R. Donnelly & Sons Co.*, 541 U.S. at 382-84.  Thus the general four-year statute of limitations would apply to the instant case if there were no shortened contractual statute of limitations in the parties' agreement.

> As noted by the Supreme Court,
>
> > [I]t is well established that, in the absence of a controlling statute to the contrary, a provision in the contract may validly limit, between the parties, the time for bringing an action on such contract to a period less than that prescribed in the general statute of limitations, provided that the shorter period itself shall be a reasonable period.  Such shorter periods, written into private contracts, also have been held to be entitled to the constitutional protection of the Fourteenth Amendment under appropriate circumstances.

*Order of United Commercial Travelers of America v. Wolfe*, 331 U.S. 586, 608 (1947).  *In accord, Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 134 S. Ct. 604, 606 (2012); *Taylor v. Western and Southern Life Ins. Co.*, 966 F.2d 1188, 1203-4 (7th Cir. 1993)("such limitations clauses must be (1) knowingly and voluntarily accepted, (2) reasonable, and (3) not inconsistent with public

policy"). The rule applies not only to state law and common law causes of action, but also to federal. *MFS Intern., Inc. v. International Telecom Ltd.*, 50 F. Supp. 517, 522 (E.D. Va. 1999)(rule allowing reasonable contractual limitations applies equally to federal causes of action because there is no "principled reason" for distinguishing between state and federal statutes of limitations); *Badgett v. Federal Express Corp.*, 378 F. Supp. 2d 613, 622 (M.D.N.C. 2005)("This rule reflects two axioms. First, it reflects the importance of the parties' freedom of contract absent clear policy to the contrary. Second, it reflects the policy underlying statutes of limitations, namely to encourage promptness in bringing actions so as to avoid a loss of evidence from the death or disappearance of the witnesses, destruction of documents, or failure of memory. Thus, because statutes of limitations do not open a window to suit, but instead close a door, there is nothing in the policy or language of statutes of limitations 'which inhibits parties from stipulating for a shorter period within which to assert their respective claims.'[citations omitted]").

Examples of federal statutory causes of action to which the rule has been applied include § 1981,[1] ERISA,[2] and Title VII.[3]

---

[1] *See, e.g., Thurman*, 397 F.3d at 357-59; *Taylor*, 966 F.2d at 1203-06)(finding a six-month contractual limitations provision to be reasonable and not contrary to public policy in § 1981 employment discrimination claims).

[2] *See, e.g., Heimeshoff*, 134 S. Ct. at 611-123)(contractual limits on lawsuits are "especially appropriate when enforcing an ERISA plan"); *Northlake Reg'l Med. Ctr. v. Waffle House Sys. Employee Benefit Plan*, 160 F.3d 1301, 1303-04 (11th Cir. 1998), and *Koonan v. Blue Cross & Blue Shield of Va.*,

To determine whether a contractual limitations clause is enforceable, the district court must decide for each cause of action whether the statute at issue proscribes a contractual limitations clause and whether the limitations cause of action is reasonable under the circumstances. *Order of United Commercial Travelers*, 331 U.S. at 1365. Both issues are matters of law. *Leigh Ellis & Co. v. Davis*, 260 U.S. 682, 689 (1923)(reasonableness of a limitations clause is a matter of law). *See Mazurkiewicz v. Clayton Homes*, 971 F. Supp. 2d 682 (S.D. Tex. 2013)(quoting *Order of Commercial Travelers of America*, 331 U.S. at 608 and adding, "But when these provisions effectively limit a plaintiff's substantive right to recovery or act as a complete bar to relief, they are not reasonable. *See 144 Penn Plaza, LLC v. Pyett*, 556 U.S. 247, 273 (2009)); *Thurman v. DaimlerChrysler, Inc.*, 397 F.3d 352, 353, 357-59 (6th Cir. 2004)(finding that a 6-month limitations period for race discrimination claims under § 1981 is reasonable: "There is nothing inherently unreasonable about a six-month limitations period contained in an employment agreement"). *E.g., see also Timko v. Oakwood Custom Coating, Inc.*, 244 Mich. App. 234, 625 N.W. 2d 101, 106 (Mich. App. 2001)(a shortened contractual limitations period in an application for employment "is reasonable if the following concerns are satisfied: (1) the claimant has sufficient opportunity to investigate and file an action; (2) the time is not so short as to

---

802 F. Supp. 1424, 1325 (E.D. Va. 1992).

[3] *See Johnson v. DaimlerChrysler Corp.*, No. C.A. 02-69GMS, 2003 WL 1089394, at *2-3 (D. Del. Mar. 6, 2003).

work a practical abrogation of the right of action; and (3) the action is not barred before the loss or damage can be ascertained.")(citing *Camelot Excavating Co. v. St. Paul Fire & Marine Ins. Co.*, 410 Mich. 118, 301 N.W. 2d 275, 276 (1981)).

Thus courts have placed restrictions on application of the rule based on the "reasonableness" of the limitations period. A key restraint recognized by some courts is where there is an exhaustion of remedies requirement under a statute. In *Mazurkiewicz*, the Honorable Gregg Costa addressed "whether the six-month limitations period effectively prevent[ed] Mazurkiewicz from bringing an ADA or FLSA claim or limit[ed] his potential recovery under those federal statutes." 971 F. Supp. 2d at 686. Judge Costa found that Mazurkiewicz was effectively barred from bringing his ADA claim because of the statute's requirement that a plaintiff must exhaust administrative remedies, so that, as other courts have recognized, "'the contractual limitations period would expire before the employee ever had the opportunity to file suit.'" *Id.* at 686-87, *quoting Mabry v. W.&S. Life Ins. Co.*, No. 1:03 CV 848, 2005 WL 1167002, at *3 (M.D.N.C. Apr. 19, 2005), and *citing Cole v. Convergys Customer Mgmt. Grp., Inc.*, No. 12-2404-SAC, 2012 WL 6047741, at *4 (D. Kan. Dec. 5, 2012). Judge Costa observed that those cases in which courts have found a contractual limitations period of six months to be reasonable either address only state law claims or involve federal statutes that do not require exhaustion of administrative remedies before suit may be filed. *Id.* at 687, *citing Thurman*, 397 F.3d at 357-38 (affirming district court's dismissal of claims under § 1981 as untimely

under a six-month contractual limitations period where plaintiff asserted discrimination claims under state law and section 1981, as well as various state tort claims).

There is no exhaustion of remedies requirement under § 1983, unlike Title VII. *Chandler v. Volunteers of America, North Alabama, Inc.*, ___ Fed. Appx. ___, 2015 WL 329596 at *7 (11th Cir. Jan. 27, 2015); *Jones v. Robinson Property Group, LP*, 427 F.3d 987, 992 (5th Cir. 2005).

There is no controlling statute proscribing a contractual statute of limitations for § 1981 claims. *See, e.g., Taylor*, 966 F.2d at 1205 ("We believe that, by enacting section 1981 without a statute of limitations, Congress implied that it is willing to live with a wide range of state statutes and rules governing limitations of action" and allow parties to contract for a shorter limitations period, as long as the contractual limitations period is reasonable.). There are a number of cases finding that a six-month contractual limitations period in an employment discrimination case is not contrary to public policy under state law. *See Soltani v. Western & Southern Life Ins. Co.*, 258 F.3d 1038, 1045 (9th Cir. 2001)(California law); *Taylor*, 966 F.2d at 1206 (Illinois law); *Myers v. Western-Southern Life Ins. Co.*, 849 F.2d 259, 269-72 (6th Cir. 1988)(Michigan law); *Badgett*, 378 F. Supp. 2d 613 (North Carolina law); *Vega v. Federal Exp. Corp.*, No. 09 CIV 7637, 2011 WL 4494751 at *6 (S.D.N.Y. Sept. 29, 2011)(N.Y. law and cases cited therein).

Furthermore in the instant action Morgan knowingly and voluntarily accepted the parties' contractual six-month

limitations period.   The contractual language is clear and unambiguous.   Not only did Morgan sign his Application for Employment, which expressly stated right above the signature line and under a section entitled "IMPORTANT PLEASE READ," that "I have read this entire Agreement, which consists of 2 pages, and I thoroughly understand its content," but he testified during his deposition that he did so and signed it voluntarily (#22-1 at pp. 4, 29-30).

Morgan had clear notice of his termination on August 29, 2011 and could have investigated and filed suit within the parties' agreed six-month limitations period.  Because he did not, but waited two years and because he offers no reasons why he failed to file sooner or why he delayed so long during the course of this litigation to pursue his claim, the Court concludes that his action is barred by the contractual limitations period in his employment agreement.

### ORDER

Accordingly, for the reasons stated above, the Court

ORDERS that Morgan's motion for leave to file a late response to motion for summary judgment (#28) is DENIED and FedEx's motion for summary judgment (instrument #22) is GRANTED on limitations grounds.

Final judgment will issue by separate document.

**SIGNED** at Houston, Texas, this __10th__ day of __July__, 2015.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE